**CAPITOL VENDING CO., Inc., Plaintiff,**

**v.**

**Robert G. BAKER et al., Defendants.**

**Civ. A. No. 2249-63.**

United States District Court
District of Columbia.

Sept. 8, 1964.

Carl Eardley and William P. Arnold, Attorneys, Department of Justice, Washington, D. C., for the motion.

David Carliner, Washington, D. C., for plaintiff, opposed.

ALEXANDER HOLTZOFF, District Judge.

The plaintiff, Capitol Vending Company, brings this suit against one Robert G. Baker and others and alleges as its cause of action that the individual defendants wrongfully and illegally diverted certain business and contracts of the plaintiff to another and a rival corporation. The plaintiff has now served a subpoena *duces tecum* on the Attorney General of the United States requiring him to produce voluminous documents relating to the activities of the defendant Baker. The Acting Attorney General has moved to quash the subpoena and has asserted a claim of executive privilege, giving as the ground for the privilege the fact that:

> "The materials contained in the files of the Department of Justice relating to the defendants named in this action were obtained through a continuing investigation of possible violations of criminal laws. Premature exposure of what might be used as evidence in any subsequent criminal prosecution to public scrutiny as well as to the attention of prospective defendants could only result in seriously prejudicing such a proceeding before it is commenced."

There has been some discussion in the oral argument on this motion as to whether the head of a government agency may, without the personal authority of the President of the United States, assert what is called executive privilege. It is not necessary for the purposes of this motion to determine that question.

Perhaps it was not necessary to use the term "executive privilege". The government has certain privileges in reference to disclosure or refusal to disclose certain documents that are not accorded

to private individuals. For example, such a privilege exists specifically as to matters involving national defense or foreign relations with other governments. So, too, the Court is of the opinion that such a privilege exists in respect to documents that the government is using in connection with an investigation of possible violations of criminal laws.

█ The Court is of the opinion, therefore, that the documents, on the basis of the affidavit of the Acting Attorney General, are privileged from disclosure as relating to a continuing investigation of possible violations of criminal laws. The Court is entitled to accept a statement to that effect made by a member of the President's Cabinet at its face value and it will not require the materials to be submitted to the Court for its inspection. It must be realized that a continuing investigation of possible violations of criminal laws may have many ramifications and the Court may not even be in a position to determine *in camera* whether a particular document may or may not relate to such an investigation.

The Court realizes, however, that private litigants have certain rights and also that the Department of Justice may not retain documents indefinitely and keep them from disclosure on a statement that the investigation is still continuing. There must be a reasonable terminus.

Accordingly, the Court will grant the motion to vacate the subpoena *duces tecum* against the Acting Attorney General, with the privilege of renewing the subpoena if the investigation is prolonged for an unreasonable length of time.

The Court might add that it has grave doubt as to whether many of the items in the subpoena are at all germane to the issues of this private civil litigation and if it sustained the subpoena in part the Court would scrutinize the individual items, but under present circumstances it is not necessary to do so.