Lana L. SAAD, Plaintiff,

v.

SAFECO LIFE INSURANCE COMPA-
NY, a Washington corporation,
Defendant.

No. 74 C 2909.

United States District Court,
N. D. Illinois, E. D.

April 1, 1975.

Bloom & Denberg, Chicago, Ill., for plaintiff.

Henry J. Marquard, Kralovec, Swee-ney, Marquard & Doyle, Chicago, Ill., John J. Bowman, State's Atty., Wheaton, Ill., for defendant.

## MEMORANDUM ORDER

MARSHALL, District Judge.

This is a diversity action brought by plaintiff, Lana L. Saad, against defend-ant Safeco Life Insurance Company, to recover benefits under a policy of acci-dent insurance issued by defendant un-der which defendant undertook to pay plaintiff $100,000 for the accidental death of Roger L. Saad, who died of a gunshot wound on June 19, 1974. De-fendant has not answered pending reso-lution of the present motion which is made by Wayne S. Shimp, Sheriff of DuPage County, Illinois, to quash a sub-poena duces tecum served upon him at the request of plaintiff' for discovery purposes and calling for the production of "any and all photos of the premises at 9 S 141 Drew Ave., Hinsdale Ill. includ-ing any & all other records involving in-vestigation of Roger L. Saad, deceased, 9 S 141 Drew Ave., Hinsdale, 37 yrs." Sheriff Shimp asserts he was not per-sonally served, no fee was tendered and "the documents and things request (sic) in said subpoena are privileged, in that they are the work product of a continu-ing criminal investigation into the cir-cumstances surrounding the death of Roger L. Saad." In support of this lat-ter assertion, Sheriff Shimp has submit-ted the affidavit of Ronald R. Nosek, Esq., Assistant State's Attorney of Du-Page County (which states that such an investigation is in process), together with the materials called for in the sub-poena for the court's *in camera* inspec-tion. In support of his resistance to the

subpoena, he relies upon *Capital Vending Co., Inc. v. Baker et al.*, 35 F.R.D. 510 (D.D.C.1964).

As *Capital Vending* recognizes, the accommodation of civil process to criminal investigation has limits. Investigative agencies "may not retain [information] indefinitely and keep [it] from disclosure on a statement that the investigation is still continuing. There must be a reasonable terminus."

The instant action was brought four months after Roger L. Saad's death. Discovery of the subject materials was promptly sought by the parties here. Problems of service were encountered and initially the parties pursued an arguably incorrect method of enforcing their discovery demands. Then briefs were filed. The result is that five months after commencement of the action and nine months after Roger L. Saad's death, the parties are not even at issue as they await the outcome of this collateral discovery dispute. The materials submitted by Sheriff Shimp disclose that plaintiff here is the widowed mother of 3 young children. The last investigatory entry in the materials submitted was a statement taken September 6, 1974.

There is a need for confidentiality in criminal investigations. There is also, however, a need to resolve with dispatch civil disputes such as this one.

Once a criminal charge is brought, Illinois grants broad discovery to the accused. Virtually all of the materials submitted to the court will be discoverable should the pending investigation result in a criminal charge against any person. Thus, disclosure here will not compromise the State's ability to prosecute.

There is no reason to deny disclosure of certain materials. Lana L. Saad's statement to the investigating officers and photographs of the deceased should be turned over immediately.

Sheriff Shimp's objections based on service and the witness fee are without merit.

The motion of Wayne S. Shimp, Sheriff, to quash the subpoena duces tecum is denied and he is ordered to produce forthwith to the parties herein for inspection and copying the statement of Lana L. Saad taken June 27, 1974 and the photographs of Roger L. Saad taken following his death; compliance with the balance of the subpoena duces tecum is continued until June 1, 1975.