It may have been better if the District Attorney had filed an affidavit that the *Page 234 
statement sought related to an ongoing investigation, but I do not think Judge Thompson "abused his discretion" by accepting the assertion of the District Attorney, which was made in open court. I also disagree that the court must examine the document, in camera.
In Capitol Vending Co., Inc. v. Baker, 35 F.R.D. 510 (1964), Judge Alexander Holtzoff stated:
 "The plaintiff, Capitol Vending Company, brings this suit against one Robert G. Baker and others and alleges as its cause of action that the individual defendants wrongfully and illegally diverted certain business and contracts of the plaintiff to another and a rival corporation. The plaintiff has now served a subpoena duces tecum on the Attorney General of the United States requiring him to produce voluminous documents relating to the activities of the defendant Baker. The Acting Attorney General has moved to quash the subpoena and has asserted a claim of executive privilege, giving as the ground for the privilege the fact that:
 "`The materials contained in the files of the Department of Justice relating to the defendants named in this action were obtained through a continuing investigation of possible violations of criminal laws. Premature exposure of what might be used as evidence in any subsequent criminal prosecution to public scrutiny as well as to the attention of prospective defendants could only result in seriously prejudicing such a proceeding before it is commenced.'
 "There has been some discussion in the oral argument on this motion as to whether the head of a government agency may, without the personal authority of the President of the United States, assert what is called executive privilege. It is not necessary for the purposes of this motion to determine that question.
 "Perhaps it was not necessary to use the term `executive privilege'. The government has certain privileges in reference to disclosure or refusal to disclose certain documents that are not accorded to private individuals. For example, such a privilege exists specifically as to matters involving national defense or foreign relations with other governments. So, too, the Court is of the opinion that such a privilege exists in respect to documents that the government is using in connection with an investigation of possible violations of criminal laws.
 "The Court is of the opinion, therefore, that the documents, on the basis of the affidavit of the Acting Attorney General, are privileged from disclosure as relating to a continuing investigation of possible violations of criminal laws. The Court is entitled to accept a statement to that effect made by a member of the President's Cabinet at its face value and it will not require the materials to be submitted to the Court for its inspection. It must be realized that a continuing investigation of possible violations of criminal laws may have many ramifications and the Court may not even be in a position to determine in camera whether a particular document may or may not relate to such an investigation.
 "The Court realizes, however, that private litigants have certain rights and also that the Department of Justice may not retain documents indefinitely and keep them from disclosure on a statement that the investigation is still continuing. There must be a reasonable terminus.
 "Accordingly, the Court will grant the motion to vacate the subpoena duces tecum against the Acting Attorney General, with the privilege of renewing the subpoena if the investigation is prolonged for an unreasonable length of time."
In Freeman v. Seligson, 132 U.S.App.D.C. 56, 405 F.2d 1326
(1968), documents under the control of the Secretary of Agriculture which a trustee in bankruptcy sought to examine by means of a subpoena duces tecum were, to the extent that they were under study by the Department of Justice with a view to possible criminal action by the government, held to be excluded from production. *Page 235 
If a district attorney tells a trial judge a document is being held for use in a possible criminal action, and the trial judge believes him and does not desire to put the district attorney under oath, require an affidavit, or to examine the statement, in camera, I would not hold that the trial judge abused his discretion. I do not question the right of a court to make an in camera inspection in most situations. I do question whether the petitioner here has shown that he has a clear legal right to require the trial judge to conduct such anin camera inspection.
TORBERT, C.J., concurs.